### RICHARD BURLESON V. THE STATE.

*No. 1004.    Decided October 27.*

1. **Murder.—Continuance.**—On a prosecution for murder, an application for continuance which shows a total want of diligence and is improbable in the statements proposed to be proved, and which statements defendant himself has contradicted by his own testimony as to the matters stated, will be held properly overruled.

2. **Same—Death Penalty—Evidence.**—See evidence stated, which, though circumstantial, is *held*, in the opinion of the court, amply sufficient to sustain a conviction for murder of the first degree, with the death penalty.

APPEAL from the District Court of Limestone.    Tried below before Hon. RUFUS HARDY.

Appellant was indicted for the murder of J. G. McKinnon, in Limestone County, on the 2nd day of May, 1894.    The trial resulted in his conviction of murder of the first degree, his penalty being assessed at death.

Appellant made an application for continuance, which was overruled.    The facts pertaining to this matter are sufficiently stated in the opinion.

The deceased, McKinnon, was a white man, 65 years of age; defendant a negro.    The killing occurred about three miles from the town of Mexia, in Limestone County, and about 3 o'clock p. m. on the 2nd day of May, 1894.    McKinnon had gone to town that day in his wagon to make some purchases.    Among other articles purchased by him were 1035 pounds of bran.    The articles purchased by him were bought from the clerk at the Alliance store.    After completing his purchases, he handed the clerk a twenty-dollar bill to pay for the same, and the clerk not being able to give him such change as he wished, McKinnon went to the bank and had his money changed into two ten-dollar bills. When he returned to the Alliance store he handed the clerk one ten-dollar bill out of which to take his pay for the articles purchased.    He carried his money in a little sack, and one of the witnesses saw a coin piece in the sack which he took to be a five-dollar gold piece.    Defendant was present at the Alliance store and saw the deceased pay for the articles purchased, and he helped the deceased to load the bran into his wagon.    Soon after this, deceased started home in his wagon. Defendant was seen by several parties following after the wagon up to

near the place of the homicide. One or two of these parties knew him, and he was identified by all of them at the trial. He had two large rocks in his hand. He had what the witnesses call "a jumper" roundabout, or jacket, on his arm, and was in his shirtsleeves. Mc-Kinnon was killed by having had his skull crushed with some heavy instrument, having received several blows, two or more of which caused mortal wounds. He was found insensible in the road by some parties coming along, who also saw at the same time a party running off, some 150 or 200 yards down the road. He was in his shirtsleeves, but they could not tell, owing to the distance, whether he was a white or black man. There was the imprint of a man's knee upon the ground close to the body, and not very far off from the body the witness Lewis found in the road the "jumper" or roundabout jacket. This jacket had some patches on it, the sewing of which had evidently been done by a man. When McKinnon's body was found it was searched, and there was no money upon his person. Defendant was arrested in Corsicana the next day. He denied having any money. Upon being searched, he was found to have upon him a ten-dollar bill and a five-dollar gold piece, together with some other coins. He made several different contradictory statements as to how he came by the money. His house was searched, and underneath some other clothing hanging upon the wall was found a pair of jeans pants similar to the ones that he had been wearing at the town of Mexia on the day of the killing, and these pants had dirt or mud on one of the knees, as well as fresh blood-stains. In his house was also found a shirt which was still moist with perspiration, as if it had been recently worn; and this shirt had also fresh blood-stains upon it. The shirt had also been patched, the patches having been sewed on by a man; and these patches, in the material used and character of the sewing, corresponded exactly with the patches and sewing found upon the roundabout jacket or "jumper."

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of murder in the first degree and his punishment fixed at death, from which he appeals.

The court did not err in overruling the motion for a continuance. There is not the slightest diligence shown by appellant in procuring the attendance of the absent witnesses. The homicide occurred May 2, 1894, and on the same day appellant was arrested and placed in jail in a neighboring county. On August 9th an indictment was found, and upon the 20th of August he was brought back to Limestone County for trial, and counsel was appointed by the court. The case was called

for trial on September 3rd; no subpœna or other process was demanded or issued. Appellant claims in his application that he won the money found on his person at the time of his arrest, at gaming, from two other negroes who passed by while he was at work. That he had never seen them before nor since; nor did he know their names or hear them name each other; nor did he know where they lived. The money so found corresponded with that seen in possession of deceased immediately before the homicide. We think the application presents neither diligence nor sufficient grounds for a continuance. But apart from the improbability of the statement, appellant admits on trial, that when he was first arrested he denied having any money in his possession, and when the money was found he claimed to have gotten it from his employer, and when this was shown to be false, claimed he got from his wife, and not until the trial does he claim to have won the money from two strangers. We do not think the court erred in overruling the motion for a continuance.

The testimony is circumstantial, but is sufficient to sustain the verdict. It shows that deceased was in possession of money, and defendant was present and saw the money when deceased paid for some purchases. Deceased started out southeast from town and was followed by defendant, who lived west from town, and the parties were seen three miles from town, the defendant still following deceased, who was driving a wagon, and defendant on foot with a rock in his hand. Deceased was murdered and robbed. Shortly after, and on the same day, defendant was arrested, and money corresponding with that seen in possession of deceased shortly before was found on defendant, who denied he had any money, and then gave conflicting accounts; and upon clothes found at his house were fresh blood-spots. The record presents a cold, bloody murder, for the purpose of robbery.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.